IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW W. WHITED,<br>    Petitioner | : | |
| | : | No. 1:23-cv-00243 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN R. THOMPSON,<br>    Respondent | : | |

## MEMORANDUM

Petitioner Matthew W. Whited, who—at the time of filing—was incarcerated in the Federal Correctional Institution Allenwood Low, in White Deer, Pennsylvania, initiated the above-captioned *pro se* action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Whited attempts to collaterally attack his 2006 sentence entered by the United States District Court for the Northern District of Illinois. The Court will dismiss Whited's Section 2241 petition for lack of jurisdiction.

**I.   BACKGROUND**

In June 2005, Whited was charged with multiple federal child pornography offenses. *See United States v. Whited*, No. 3:05-cr-50060, Doc. 1 (N.D. Ill.) The following month, he pled guilty to three of the four charges. *See id.*, Doc. 40. In December 2006, Whited was sentenced to 300 months' incarceration and 3 years of supervised release. *Id.*, Doc. 56. Whited's sentencing guidelines were based on the 2006 edition of the United States Sentencing Guidelines Manual (hereinafter

"Guidelines")—rather than the 2003 Manual in effect at the time of the last of his offenses—pursuant to then-binding circuit precedent in *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006). (*See* Doc. No. 2-1 at 3-4; Doc. No. 2-2 at 8, 9-10.) According to Whited, this increased his Guidelines range from 168-210 months (2003 Manual) to 292-365 months (2006 Manual). (*See* Doc. No. 2 at 1.)

Whited appealed his conviction and sentence, challenging the denial of a suppression motion, the application of a sentencing guideline enhancement, and the reasonableness of his sentence. *See United States v. Whited*, 539 F.3d 693, 695 (7th Cir. 2008). In September 2008, the United States Court of Appeals for the Seventh Circuit rejected those challenges and affirmed the district court. *See id.* at 695, 699.

Whited filed his first motion to vacate his sentence under 28 U.S.C. § 2255 in 2009, claiming ineffective assistance of counsel and other trial court errors. *See Whited*, No. 3:05-cr-50060, Doc. 91 (citing *United States v. Whited*, 3:09-cv-50274, Doc. 1 (N.D. Ill. Nov. 23, 2009)). That motion was ultimately denied, and the Seventh Circuit denied a certificate of appealability. *See id.* (citing *Whited*, 3:09-cv-50274, Docs. 12, 25).

In 2018, Whited filed a letter-motion with the sentencing court, asserting a challenge to his sentence based primarily on *Peugh v. United States*, 569 U.S. 530

(2013).[1] *See generally Whited*, No. 3:05-cr-50060, Doc. 90. He argued that, following *Peugh*, he should be able to reassert his Ex Post Facto Clause challenge (raised initially at sentencing) to his 300-month sentence and be resentenced under the less severe 2003 version of the Guidelines in effect at the time he committed the last of his criminal offenses. *See id.* at 7. The sentencing court denied Whited's letter-motion, finding that it was an unauthorized second or successive Section 2255 motion. *See Whited*, No. 3:05-cr-50060, Doc. 91.

It appears that, in or around 2020, Whited sought leave in the Seventh Circuit to file a second or successive Section 2255 motion based on *Peugh* and an alleged Ex Post Facto Clause violation, claiming he had been wrongfully sentenced using Guidelines that were issued after his offense conduct. *See Whited*, No. 3:05-cr-50060, Doc. 133 at 1-2. The Seventh Circuit denied Whited's application, essentially because *Peugh* "is not retroactive" and therefore does not satisfy the requirements of 28 U.S.C. § 2255(h)(2) for second or successive Section 2255 motions.[2] *Id.* at 2.

---

[1] In *Peugh*, the United States Supreme Court held that the Ex Post Facto Clause is violated when a criminal defendant is sentenced under sentencing Guidelines promulgated after the offense conduct and which provide a higher sentencing range than the Guidelines in effect at the time of the offense. *See Peugh*, 569 U.S. at 533.

[2] Section 2255(h)(2) requires "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

In November 2022, Whited again sought leave in the Seventh Circuit to file a second or successive Section 2255 motion, alleging an Ex Post Facto Clause violation as well as due process and Eighth Amendment claims, but essentially raising the same "wrong manual" argument. *See generally Whited*, No. 3:05-cr-50060, Doc. 133-1. That application was likewise denied. *See Whited*, No. 3:05-cr-50060, Doc. 133 at 2.

Whited now attempts to collaterally attack his 2006 sentence by way of 28 U.S.C. § 2241, raising the same Ex Post Facto Clause "wrong manual" challenge that has been rejected by courts in the Seventh Circuit. Because this Court lacks jurisdiction to entertain Whited's Section 2241 petition, it must be dismissed.

## II. DISCUSSION

Generally, the presumptive method for bringing a collateral challenge to the validity of federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted). Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255. *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). The United States Court of Appeals for the Third Circuit has explained that this "safety valve" provision codified in

4

Section 2255(e) only applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017); *see also Cordaro v. United States*, 933 F.3d 232, 239-40 (3d Cir. 2019). Stated differently, Section 2255(e) permits a petitioner to resort to Section 2241 when the petitioner "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate." *Bruce*, 868 F.3d at 180 (quoting *Dorsainvil*, 119 F.3d at 251). But simply because a petitioner is unable to meet the "stringent gatekeeping requirements" of Section 2255 does not render a motion under that provision "inadequate or ineffective" to challenge a conviction or sentence. *Okereke*, 307 F.3d at 120.

Whited cannot meet the exacting requirements of Section 2255(e). The gravamen of his argument is that his 2006 sentence violates the Ex Post Facto Clause because he was sentenced using a Guidelines manual that post-dated his offense conduct by several years and substantially increased his Guidelines range. What Whited does not do, however, is identify an intervening change in controlling, statutory law that would render his prior conduct noncriminal such that he can avail himself of Section 2255(e). None of Whited's arguments point to a change in substantive law or attack his child pornography convictions. In fact, he readily admits that he "is NOT challenging his conviction in any way." (Doc. No. 2 at 7.)

5

He is merely challenging aspects of his sentencing, which does not meet the narrow *Dorsainvil* exception.

The Court is not unsympathetic to Whited's circumstances. Whited was sentenced under more severe sentencing Guidelines than those existing when he committed his criminal offenses. At that time—that is, December 2006—this type of sentencing scheme was the law of the circuit. *See generally United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006). Then, in 2013, the Supreme Court of the United States held that such a practice violates the Ex Post Facto Clause. *See Peugh*, 569 U.S. at 533 (overruling *Demaree*). Naturally, Whited wants to challenge his 2006 sentence as unconstitutional based on *Peugh* and be resentenced under the less harsh 2003 Guidelines.

The insurmountable problem Whited faces, however, is that *Peugh* is not retroactive, so he cannot meet the requirements of 28 U.S.C. § 2255(h)(2) for filing a second or successive Section 2255 motion. Moreover, he is not asserting a claim of "actual innocence" by contending that an intervening change in controlling, statutory law renders his prior conduct noncriminal, so he cannot avail himself of Section 2255(e) under the narrow *Dorsainvil* exception. The mere fact that he cannot meet the conditions for filing a second or successive Section 2255 motion does not mean that he qualifies for application of the safety valve. *See Okereke*, 307 F.3d at 120. Rather, the Third Circuit has established explicit, demanding

requirements for Section 2255(e), *see Bruce*, 868 F.3d at 179-80; *Cordaro*, 933 F.3d at 239-40, and Whited cannot satisfy them.

In sum, Whited's collateral challenge is not the rare type of post-conviction claim that can proceed under Section 2255(e) by way of a Section 2241 petition. Accordingly, the Court must dismiss his Section 2241 petition for lack of jurisdiction.[3] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002) (*per curiam*).

### III. CONCLUSION

Based on the foregoing, the Court will dismiss Whited's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: June 15, 2023

---

[3] It should be noted that, although this Court has jurisdiction to review Whited's Section 2241 petition, it lacks jurisdiction to rule of the merits of his claim or grant the relief he seeks (*i.e.*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241), so his petition must be dismissed. *See Bruce*, 868 F.3d at 183 (discussing proper exercise of jurisdiction for Section 2241 petitions seeking to invoke Section 2255(e)'s safety valve); *Gardner v. Lewisburg USP*, 845 F.3d 99, 102-03 (3d Cir. 2017) (agreeing with district court that it lacked jurisdiction to entertain Section 2241 petition that did not meet stringent *Dorsainvil* requirements).